### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

```
MARY BURTON,                    )
                                )
     Plaintiff,                 )
                                )   No. 06-1242
v.                              )
                                )
CITY OF PEORIA, et al,          )
                                )
     Defendants.                )
```

### O P I N I O N   A N D   O R D E R

Before the Court is the City of Peoria's Motion to Dismiss. [Doc. 4.]  Pursuant to this Court's Order [Doc. 12], Plaintiff and the City have submitted supplemental briefs [Doc. 13 & 14]. Also before the Court is a Motion to Dismiss [Doc. 29] filed on behalf of multiple City employees.  Plaintiff has filed a Response [Doc. 31] to employees' Motion.  In addition, the City employees filed a Motion to Withdraw [Doc. 33] in which they seek to "withdraw" part of their argument and a Motion for Leave to Reply [Doc. 34] in which they seek to further expound upon other parts of their arguments.  Lastly, Plaintiff has filed a Response [Doc. 35] objecting to these additional arguments.

### I
### BACKGROUND

As noted in this Court's previous Order, Plaintiff's Complaint alleges the following facts:

Plaintiff, Mary Burton, is the owner of a parcel of land and a residential building located at 1933 E. Nebraska Avenue in Peoria, Illinois.[1]  She has owned the property since 1975. Plaintiff's claims concern her driveway.

According to Plaintiff's Amended Complaint [Doc. 23], her wide driveway used to be city property and was formerly known as North Springdale Street up until 1968 when a City Ordinance closed the street and the street became private property.  When Plaintiff purchased the property, her purchase included the wide driveway that had formerly been a city street.

Plaintiff currently rents-out the property to more than one tenant and states that the property is of particular interest to renters who have larger vehicles because of the extra wide driveway.  However, she and her tenants have had repeated problems with the City because of either City Workers or City Administrators believing that her driveway was city property. These problems include the following incidents:

1. A Peoria City Code Officer forced Plaintiff's contractor to move his vehicle out of the driveway and into the street.  This led to additional costs for moving tool and supplies over the course of a job.

2. More than one tenant has had their car towed from the driveway and tenants have inevitably moved out due to the inconvenience of the parking situation.

---

[1] Plaintiff's complaint lists the address at one point as "1933 E. Nebraska Ave." (Doc. 1 at 2) and at another point as "1333 E. Nebraska Ave." (Doc. 1 at 4).  For purposes of this Order, this Court will assume that the first address is correct.

3. The City installed asphalt on the driveway against Plaintiff's wishes and did damage to her property in the process.

4. When Plaintiff called the Peoria City Police to get the City to stop paving her driveway they refused and forced her off of her own driveway.

5. As a result of the paving, numerous members of the public regularly use the driveway as a public road.

6. Plaintiff's new tenants have received parking citations for "blocking the alley" when parked in the driveway.

Plaintiff now brings suit alleging that the City has violated the Fifth Amendment by "effecting an ad hoc illegal taking" and seeks declaratory and injunctive relief. Plaintiff also alleges an equal protection violation for bad faith enforcement of laws, brings a claim for trespass, and a claim of false imprisonment against the police officer who ordered her from her own property.

Defendants previously filed a Motion to Dismiss and argued that (1) Plaintiff had not adequately pled an equal protection claim because she did not allege which specific city official directed the invasion of her property; and (2) Plaintiff's claim was not ripe for adjudication because the Fifth Amendment required that Plaintiff first exhaust her state court remedies before bringing her claim in federal court. This Court held that (1) Plaintiff had adequately pled an equal protection claim since this Court could reasonably infer from her allegations

3

that a city official had ordered the paving of her driveway and Plaintiff did not need to allege which specific city official made the order; and, (2) additional briefing was needed to determine if Plaintiff had exhausted her state court remedies.

## II
## LEGAL STANDARD

When considering a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), the Court must view the Complaint in the light most favorable to the Plaintiff and the Complaint's well-pleaded factual allegations must be accepted as true. <u>Williams v. Ramos</u>, 71 F.3d 1246, 1250 (7th Cir. 1995). Therefore, a complaint can only be dismissed if a plaintiff cannot prove any set of facts upon which relief can be granted. <u>Travel All Over the World, Inc. v. Kingdom of Saudi Arabia</u>, 73 F.3d 1423, 1429-30 (7th Cir. 1996). However, the Court is not bound by a plaintiff's legal conclusions. <u>Baxter by Baxter v. Vigo County School Corp.</u>, 26 F.3d 728, 730 (7th Cir. 1994). The province of Rule 12(b)(6) motions is to question the availability of a legal formula justifying relief on the alleged facts, not to test or determine the facts themselves. <u>Maple Lanes, Inc. v. Messer</u>, 196 F.3d 823, 824-25 (7th Cir. 1999).

## III.
## ANALYSIS

### A. Plaintiff's Taking Claim

Plaintiff alleges in Count I of her Amended Complaint [Doc. 23] that the Defendants in this case have violated the Fifth Amendment and "effected an ad hoc and illegal taking of [P]laintiff's property without her consent...." (Doc. 23 at 8.)

The Fifth Amendment prohibits the government from taking private property for public use *without just compensation.* U.S. Const. Amend. V (emphasis added). Under the applicable law, for a plaintiff to claim that her Fifth Amendment rights have been violated, she must not only claim that the government has taken her property, but must show that the government has taken her property without compensation. Even if a plaintiff has had her property taken, if there is an existing state procedure for obtaining compensation, and the plaintiff has not exhausted that procedure, then she is barred from bringing her claim in federal court. Williamson County Regional Planning Comm'n v. Hamilton Bank of Johnson City, 473 U.S. 172 (1985).

Naturally, there are exceptions. For purposes of the case at bar, the relevant exception is futility. If bringing a claim in state court would be futile, then a plaintiff is not required to bring an action in state court. Daniels v. Area Plan Com'n of Allen County, 306 F.3d 445 (7th Cir. 2002). This makes sense

since requiring a plaintiff to exhaust a futile course of action would unnecessarily multiply proceedings.

In Daniels, the Seventh Circuit held that plaintiffs seeking injunctive and declaratory relief in the State of Indiana were not required to exhaust their state court remedies because Indiana state law limits a plaintiff's takings claim to monetary damages.

In the case at bar, Plaintiff argued that bringing her case in an Illinois court would be futile because, like the plaintiff in Daniels, she is seeking injunctive and declaratory relief. However, neither party addressed whether Illinois law limited a plaintiff's takings claim to monetary damages.  If a plaintiff was limited to monetary damages under Illinois law, then pursuing a claim for injunctive and declaratory relief in Illinois state court would likewise be futile.  However, if injunctive relief was available in an Illinois court, then under Williamson County, Plaintiff must first exhaust her state remedies before she can seek relief in federal court. Accordingly, the Court ordered both parties to submit simultaneous briefs on whether a takings claim was limited to monetary damages under Illinois law.

The City of Peoria, in their brief, simply ignores the question presented and does not address whether a takings claim is limited to monetary damages under Illinois law.  Instead,

6

Peoria raises for the first time the argument that under Count I an injunction would only amount to an advisory opinion. (Doc. 14 at 3.) The City did not bother to raise this argument in their original Motion to Dismiss (Doc. 4 and 5.) and as a result, Plaintiff has not had an opportunity to respond. However, since Count I is dismissed *infra*, this Court need not consider Defendant's belated argument.

Plaintiff, on the other hand does address the question presented and reveals that there is only limited authority which might instruct the Court. The only authority Plaintiff brings forward are several cases involving sewer lines where a plaintiff alleged that their property was subject to a taking. See <u>Springer v. City of Chicago</u>, 139 N.E. 414 (1923); <u>Kussel v. County of DuPage</u>, 298 N.E.2d 323 (Ill. App. 2nd 1973); <u>Rosenthal v. City of Crystal Lake</u>, 525 N.E.2d 1176 (Ill. App. 2nd 1988). Plaintiff acknowledges that in these sewer line cases the plaintiffs were allowed to seek injunctive relief, but emphasizes that the courts tied the relief to economic reparations.

Instead, Plaintiff points to <u>Thompson, Inc. v. Village of Hinsdale</u>, 617 N.E.2d 1227, 1245 (Ill. App. 2nd 1993) and argues that her claim for injunctive relief would be futile under <u>Thompson</u> because she still has an economically viable use to her property.

As was previously noted, in the Seventh Circuit opinion which considered Indiana law, it was clear that Indiana law specifically limited a takings claim to monetary compensation. Daniels, 306 F.3d at 457 (citing Dible v. City of Lafayette, 713 N.E.2d 269, 274 (Ind. 1999); Indiana Dept. of Transp. V. Southern Bells, Inc., 723 N.E.2d 432, 434 (Ind. Ct. App. 1999)). As a result, it was futile for that plaintiff to bring her claim in Indiana.

However, the Court in Thompson dealt with zoning ordinances and held that under Illinois law a takings claim for injunctive relief was barred where there was "nothing more than a diminution in the ultimate value" of the disputed property. In Thompson, the local government's actions had affected the value of the property, but there was still an economically viable use available for the property, and as a result, the plaintiff's claim failed. Implicitly then, if Plaintiff no longer has an economically viable use to her property, then she could succeed in State court and must proceed there first.

Under the facts alleged, a state court could hold that, Plaintiff's driveway no longer has an economically viable use. Plaintiff alleges in her Complaint that she "has suffered an irreparable injury," and emphasizes that her tenants cars were repeatedly towed and ticketed. (Doc. 23 at ¶ 44-47.) Plaintiff cannot offer her driveway as a place for her tenants to park

when they are repeatedly ticketed and towed away.  After all, no one can be expected to park every evening where they will regularly receive parking tickets and they could be towed.  As a result, a state court could rule for Plaintiff and hold that the value of the driveway has lost all economically viable use.  Without the ability to park in a driveway, Plaintiff's tenants are like members of the public that can only drive by without stopping and the driveway might as well be city property.  As a result, a state court could find that the driveway had lost all economically viable use and claim for injunctive relief in state court under Illinois law would not be "futile."  Therefore, under Williamson County, Plaintiff's taking claim is not ripe for federal court and she must first test the waters in state court before she can proceed here.[2]  Accordingly, Count I of Plaintiff's Complaint is DISMISSED without prejudice with leave to re-file in state court.

### B. Additional Motions

Multiple City employees joined together and filed a Motion to Dismiss (Doc. 29) in which they first reiterated the City's ripeness argument and secondly argued that plaintiff's takings

---

[2] Plaintiff also argues "in the alternative" for a "good faith change in the law" and asks this Court to reconsider, modify or overturn the Supreme Court precedent laid down in Williamson County, 473 U.S. 172.  However, it is the prerogative of the Supreme Court alone to overrule one of its precedents.  State Oil Co. v. Khan, 522 U.S. 3, 20 (1997).  Accordingly, the Court will not consider this argument.

claim could not be alleged against individual defendants.  After Plaintiff responded, the employees filed motions seeking to remove part of their argument (Doc. 33) and supplement other parts of the argument with a Reply Memorandum (Doc. 34).

Because this Court has already dismissed Plaintiff's takings claim *supra* these motions are now MOOT.

## IV.
## CONCLUSION

IT IS THEREFORE ORDERED that the City of Peoria's Motion to Dismiss (Doc. 4) is GRANTED IN PART and DENIED IN PART.  Count I of Plaintiff's Amended Complaint is DISMISSED WITHOUT PREJUDICE. The Motion to Dismiss (Doc. 29), the Motion to Withdraw (Doc. 33) and the Motion for Leave to File (Doc. 34), presented by various city employees are all MOOT.

ENTERED this  9th  day of July, 2007.

                                                s/Joe Billy McDade
                                                  Joe Billy McDade
                                      United States District Judge